UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT A. DUVAL JR.,

    Plaintiff,

v.                                                Case No. 8:25-cv-139-WFJ-CPT

TRANS UNION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

In late January 2025, pro se Plaintiff Vincent A. Duval, Jr. filed a motion pursuant to 28 U.S.C. § 1915(a) seeking permission to proceed in forma pauperis (IFP Motion) in this action. (Doc. 2). In accordance with section 1915,[1] the Court reviewed Duval's complaint (Doc. 1) along with his IFP Motion and entered an Order in late April finding that his complaint did not meet the strictures of Federal Rules of Civil Procedure 8 and 10. (Doc. 3). As a result, the Court directed that, no later than May

---

[1] Section 1915 provides, in relevant part, that a district court may authorize the commencement of any lawsuit "without prepayment of fees or security therefor" upon a plaintiff's showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). In addition to evaluating a plaintiff's affidavit, a district court must analyze the plaintiff's complaint and dismiss the action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

26, 2025, Duval file an amended complaint which satisfied the Federal Rules of Civil Procedure and which pleaded one or more cognizable causes of action over which the Court had jurisdiction. *Id.* The Court also warned Duval at the time that a failure to abide by this directive could result in the dismissal of his case. *Id.* The May 26, 2025, deadline has since passed without Duval filing an amended complaint.

It is well settled that a pro se plaintiff—like any litigant—must adhere to all the rules and requirements that govern a civil action, including those set forth in the Federal Rules of Civil Procedure, the Court's Local Rules, and any orders issued in his lawsuit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Simpson v. Recksiedler*, 2025 WL 959158, at *6 n.8 (M.D. Fla. Mar. 31, 2025) (noting that it is a pro se plaintiff's responsibility to ensure that his filings adhere to "all applicable pleading requirements and procedural rules") (citing *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam)). Because Duval did not comply with the Court's Order to file a properly amended complaint by May 26, 2025, his IFP motion should be denied and his complaint dismissed.[2]

---

[2] This assessment coheres with that reached by the magistrate judges assigned to separate actions in which Duval has sued two other credit reporting agencies, Equifax and Experian, Inc., for similar conduct. *See Duval v. Equifax*, No. 8:25-cv-218-MSS-AAS, (Doc. 4) (M.D. Fla. May 30, 2025); *Duval v. Experian, Inc.*, No. 8:25-cv-211-MSS-LSG, (Doc. 4) (M.D. Fla. May 30, 2025).

Based upon the foregoing, I respectfully recommend:

1. Duval's IFP Motion (Doc. 2) be denied.

2. Duval's complaint (Doc. 1) be dismissed without prejudice.

3. The Clerk of Court be directed to close the case and to terminate any pending motions.

Respectfully submitted this 2nd day of June 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
Pro se Plaintiff